IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL LEE HOLTERMAN,

        Plaintiff,

   v.

MARK NOOTH, et al.,

        Defendant.

Civil No. 07-1479-BR

ORDER TO DISMISS

BROWN, Judge.

Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff's Complaint consists of a 10-page narrative statement concerning the alleged confiscation of his hearing aids by correctional officers and the alleged refusal of medical personnel to replace the lost hearing aids.  In the caption of his Complaint, Plaintiff identifies as Defendants "Mark Nooth, et al." Plaintiff does not, however, allege Defendant Nooth was personally involved the alleged deprivation of his hearing aids.  Plaintiff also does not indicate the relief sought in this action.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

> (B)  the action . . .
>
>> (i)  is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

2 - ORDER TO DISMISS -

allegations.'"  Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party.  Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies.  McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

3 - ORDER TO DISMISS -

## DISCUSSION

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law.  L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Lopez, 939 F.2d at 883; Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

"Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Arnold v. Int'l. Business Machines, Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  It is well established that section 1983 does not impose liability upon state officials for the acts of their subordinates under a *respondeat superior* theory of liability.  Monell v. Department of Social Services of New York, 436 U.S. 658, 691-94 (1978).  Rather, state officials are subject to suit under section 1983 only if "they play an affirmative part in the alleged deprivation of constitutional rights."  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

As noted, Plaintiff does not allege Mark Nooth personally participated in the alleged deprivation of Plaintiff's rights. Accordingly, Plaintiff does not state a claim against Defendant

4 - ORDER TO DISMISS -

Nooth upon which relief may be granted.  Moreover, Plaintiff does not identify any additional Defendants in the caption of his Complaint who were personally involved.  <u>See</u> Fed. R. Civ. P. 10(a) ("[i]n the complaint the title of the action shall include the names of all the parties").  Finally, Plaintiff fails to specify the relief sought in this action.  <u>See</u> <u>Conkey v. Reno</u>, 885 F.Supp. 1389, 1392 (D. Nev. 1995) (the failure to indicate what in particular plaintiffs seek by way of a  declaratory judgment is in itself a failure to state a claim).  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and must be dismissed.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED for failure to state a claim.  Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order.  Plaintiff is advised that failure to file an amended complaint shall result in

5 - ORDER TO DISMISS -

the dismissal of this proceeding, with prejudice.  In lieu of an

amended complaint, Plaintiff may move to voluntarily dismiss this

action, without prejudice.[1]

IT IS SO ORDERED.

DATED this 17th day of January, 2008.

        /s/ Anna J. Brown
            ANNA J. BROWN
            United States District Judge

---

[1]   Plaintiff is advised that under the Prison Litigation
Reform Act, a prisoner is prohibited from proceeding in a civil
action without full payment of the filing fee if the prisoner has,
on three or more occasions, while incarcerated or detained in any
facility, brought an action in a court of the United States that
was dismissed as frivolous or for failure to state a claim unless
the prisoner is under imminent danger of serious physical harm.  28
U.S.C. § 1915(g).

6 - ORDER TO DISMISS -