IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DANIEL LEE HOLTERMAN,**　　　　　　　　　　07-CV-1479-BR

　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

v.

**ANTHONY HENDRICKSON, Officer,
Snake River Correctional
Institution in his/her
official capacity and
individual capacity,**

　　　　Defendant.


**DANIEL LEE HOLTERMAN**
#2157980
Snake River Correctional Institution
777 Stanton Boulevard
Ontario, OR 97914
(541) 881-4537

　　　　Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**JOHN KROGER**
Attorney General
**KRISTIN A. WINGES**
Assistant Attorney General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 947-4700

    Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant's Motion for Summary Judgment (#34). For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

    Plaintiff Daniel Lee Holterman is an inmate at Snake River Correctional Institution (SRCI). Defendant Anthony Hendrickson is a correctional officer at SRCI.

    On May 8, 2007, SRCI officials directed Plaintiff to "bag up" his personal property. At 11:28 p.m. on that same day Plaintiff was moved from his cell to the SRCI infirmary to prepare for cataract surgery with an outside medical provider.

    On May 9, 2007, at 2:18 a.m., Defendant inventoried Plaintiff's property and completed an inmate "cell pick up sheet." According to Defendant, he did not list hearing aids or batteries on the cell pick-up sheet because he did not see them among Plaintiff's property. Defendant then took Plaintiff's

2 - OPINION AND ORDER

property to the property room for storage until Plaintiff picked it up on May 10, 2007.

On August 15, 2007, Plaintiff requested hearing aids. On August 22, 2007, the Therapeutic Level of Care Committee (TLCC) denied Plaintiff's request on the ground that Plaintiff's hearing aids were not medically necessary, and, therefore, Plaintiff was required to purchase them with his own money.

On October 4, 2007, Plaintiff filed an action in this Court against "Mark Nooth, et al.," alleging Nooth violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment and his rights under the Americans with Disabilities Act (ADA) when SRCI allegedly confiscated Plaintiff's hearing aids and did not replace them.

On January 17, 2008, the Court dismissed Plaintiff's Complaint on the grounds that he failed to allege Mark Nooth personally participated in the alleged deprivation of his rights, he did not identify any additional Defendants who were personally involved in the alleged deprivation, and he failed to specify the relief sought.

On February 14, 2008, Plaintiff filed an Amended Complaint in which he alleges Officer Hendrickson violated his right to be free from cruel and unusual punishment under the Eighth Amendment; violated his rights under the ADA, 42 U.S.C. § 12101-12213; and committed "the tort of felony theft . . . by and

3 - OPINION AND ORDER

through the loss, destruction or theft of prosthetic hearing devices or hearing aids and batteries, the refusal of [the Oregon Department of Corrections] ODOC to replace the lost devices."

On December 2, 2008, Defendant moved for summary judgment as to all of Plaintiff's claims.[1]

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in

---

[1] On April 16, 2006, the Court issued a Summary Judgment Advice Notice to Plaintiff advising him that if he did not submit evidence in opposition to any motion for summary judgment, summary judgment would be entered against him if it was appropriate.

4 - OPINION AND ORDER

favor of the nonmoving party.  *Id*.  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment.  *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

## DISCUSSION

**I.  Plaintiff's Eighth-Amendment Claim.**

Defendant moves for summary judgment on Plaintiff's claim

5 - OPINION AND ORDER

that Defendant violated Plaintiff's Eighth Amendment rights on the grounds that (1) Plaintiff has not established Defendant was deliberately indifferent and (2) the alleged deprivation was not sufficiently serious.

### A. Standards.

"The [United States] Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and . . . the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quotations omitted). "[T]he Eighth Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id*. at 832-33 (quotations omitted).

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, [*i.e.*,] a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id*. at 834 (quotations omitted). Second "a prison official must have a sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of deliberate indifference to inmate

6 - OPINION AND ORDER

health or safety."  *Id.* (citations and quotations omitted).

   **B.   Deliberate Indifference.**

> [A] prison official cannot be found liable under
> the Eighth Amendment for denying an inmate humane
> conditions of confinement unless the official
> knows of and disregards an excessive risk to
> inmate health or safety; the official must both be
> aware of facts from which the inference could be
> drawn that a substantial risk of serious harm
> exists, and he must also draw the inference. . . .
> [A]n official's failure to alleviate a significant
> risk that he should have perceived but did not,
> while no cause for commendation, cannot under our
> cases be condemned as the infliction of
> punishment.

*Id.* at 837.

The record does not reflect Defendant acted with deliberate indifference when he inventoried Plaintiff's cell and did not observe hearing aids or batteries.  Defendant states in his Affidavit that he "did not see any hearing aids in inmate Holterman's property.  If I had, I would have noted them on the inventory."  Hendrickson Aff. at ¶ 10.  Moreover, the record does not reflect Defendant was aware of facts or drew any inference from any facts that a substantial risk of harm to Plaintiff's health or safety existed.  In addition, the record does not reflect Defendant was personally involved in or played any part in the decision to deny Plaintiff's request for hearing aids.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds no reasonable juror could conclude that Defendant's conduct constituted deliberate indifference to a

7 - OPINION AND ORDER

substantial risk of harm to Plaintiff's health or safety. Plaintiff, therefore, has not satisfied the second element required to establish that Defendant violated Plaintiff's rights under the Eighth Amendment.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Eighth-Amendment claim.

**II.  Plaintiff's ADA Claim.**

Plaintiff alleges Defendant violated his rights under the ADA when Defendant lost, stole, or destroyed Plaintiff's hearing aids and batteries and when ODOC refused to replace his hearing aids.  Defendant seeks summary judgment as to Plaintiff's ADA claim on the grounds that (1) Plaintiff does not have a disability under the ADA and (2) if he did have a disability, Defendant did not discriminate against Plaintiff based on his disability.

    **A.  Standards.**

        Title II of the ADA provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  To establish that Defendant violated any rights Plaintiff may have under Title II of the ADA, Plaintiff must show

    "(1) he is a qualified individual with a

8 - OPINION AND ORDER

>     disability; (2) he was either excluded from
>     participation in or denied the benefits of a
>     public entity's services, programs or activities,
>     or was otherwise discriminated against by the
>     public entity; and (3) such exclusion, denial of
>     benefits, or discrimination was by reason of his
>     disability."

*Rodde v. Bonta,* 357 F.3d 988, 995 (9th Cir. 2004)(quoting *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)).

### B.   Disability under the ADA.

The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

#### 1.   Plaintiff has not established his hearing impairment substantially limits him in a major life activity.

Plaintiff bears the burden to show that his hearing impairment constitutes a disability under the ADA. *See Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 794 (9th Cir. 2001). "To establish a fact question that Plaintiff suffers from a 'physical impairment that substantially limits one or more major life activities,' Plaintiff must identify the activity at issue, explain how that activity qualifies as a major life activity, and make an individualized showing that he is substantially limited in that activity." *Thorn v. BAE Sys. Haw.*

9 - OPINION AND ORDER

*Shipyards, Inc.,* 586 F. Supp. 2d 1213, 1220 (D. Haw. 2008)(citing *Walton v. United States Marshals Serv.*, 492 F.3d 998, 1002 (9th Cir. 2007)).  The disability standard "is a demanding one and the statutory terms are strictly construed."  *Thorn,* 586 F. Supp. 2d at 1220 (citing *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002)).  "'The word 'major' in the phrase 'major life activities' means important,' *i.e.*, 'an impairment that prevents or severely restricts . . . activities that are of central importance to most people's daily lives.'"  *Thorn,* 586 F. Supp. 2d at 1220 (quoting *Williams*, 534 U.S. at 197-98).  Examples of major life activities include hearing, walking, seeing, and working.  29 C.F.R. § 1630.2(I).

"Substantial" means "considerable or to a large degree" and, therefore, "clearly precludes impairments that interfere in only a minor way . . . from qualifying as disabilities."  *Williams*, 534 U.S. at 197.  To be substantially limited, a plaintiff must be "significantly restricted as to condition, manner or duration under which he can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity."  29 C.F.R. § 1630.2(j).  *See also Williams*, 534 U.S. at 195.

Here Plaintiff alleges he is limited in the life activity of hearing, which is generally considered a major

10 - OPINION AND ORDER

life activity.  *See* 29 C.F.R. pt. 1630, app. § 1630.2(I).
Accordingly, the Court focuses its analysis on whether Plaintiff
has established a genuine issue of material fact exists as to
whether he is substantially limited in this activity.

The record reflects Plaintiff has a hearing
impairment.  Plaintiff, however, was able to hear and to interact
with prison staff even when he was not wearing his hearing aids.
In his Affidavit, Garth Gulick, M.D., notes Plaintiff met with
prison medical staff "almost on a daily basis" after his hearing
aids were lost, and he did not report that he had trouble hearing
medical staff or following their instructions.  Dr. Gulick also
testifies he personally examined Plaintiff on nineteen occasions
after his hearing aids were lost, and Plaintiff was able to
converse with Dr. Gulick and to respond appropriately to
Dr. Gulick's questions and directions.  In addition, a May 11,
1998, audiologic report prepared by a licensed audiologist
concludes Plaintiff

> sustains hearing withing normal limits sloping to
> a profound sensorineural hearing loss bilaterally.
> . . . Although [Plaintiff] is a candidate for
> amplification, it should be noted that amplifi-
> cation will provide minimal benefits due to the
> configuration of hearing loss.

Gulick Aff., Ex. 2 at 73.

Plaintiff does not point to any evidence in the
record to establish that his impairment substantially limits him

11 - OPINION AND ORDER

...

in the major life activity of hearing within the meaning of the ADA.

> **2. Plaintiff has not established he has a record of an impairment that limits him in the major life activity of hearing.**

Under the ADA, having a record of an impairment is defined as "having a history of, or having been misclassified as having, a substantially limiting impairment." 29 C.F.R. § 1630.2(k). Plaintiff, however, has not shown he has a record that indicates his hearing impairment substantially limits him within the meaning of the ADA.

> **3. Plaintiff has not established Defendant regarded him as having an impairment that substantially limits him in the major life activity of hearing.**

To establish that Defendant regarded him as having an impairment that substantially limits a major life activity, Plaintiff must show Defendant believed Plaintiff "either had a substantially limiting impairment that [he] did not have, or that [he] had a substantially limiting impairment which, in fact, was not so limiting." *See Thornton*, 261 F.3d at 798. "As with real impairments, 'a perceived impairment must be substantially limiting and significant.'" *E.E.O.C. v. United Parcel Serv., Inc.*, 306 F.3d 794, 802 (9th Cir. 2002)(quoting *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 541 (9th Cir. 1997)).

Plaintiff received his hearing aids through the Veterans Administration. As noted, the record reflects

12 - OPINION AND ORDER

Plaintiff's doctors at ODOC did not view Plaintiff's hearing impairment as substantially limiting. In fact, ODOC officials declined to issue hearing aids to Plaintiff because the TLCC concluded they were not medically necessary. In addition, the record does not reflect Defendant was aware of Plaintiff's hearing impairment or that he regarded Plaintiff as substantially limited in the major life activity of hearing.

Accordingly, the Court concludes on this record that no reasonable juror could find Plaintiff has a disability arising from his impairment within the meaning of the ADA.

**C.  Plaintiff has not established Defendant discriminated against Plaintiff on the basis of his disability.**

Even if Plaintiff had a disability within the meaning of the ADA, Defendant contends Plaintiff has not established Defendant discriminated against Plaintiff on the basis of his disability.

To recover monetary damages under the ADA, a plaintiff must establish the defendant intentionally discriminated against him. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

> In order to show intentional discrimination in the Ninth Circuit, the plaintiff must show that the defendant acted with "deliberate indifference." *Id.* at 1138-39. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that . . . likelihood." *Id.* at 1139.

13 - OPINION AND ORDER

*Suarez v. Superior Ct. of Cal.*, 283 Fed. Appx. 470, 471 (9th Cir. 2008)(quoting *Duvall*, 260 F.3d at 1138-39).

As noted, Plaintiff does not identify any evidence in the record to establish that Defendant knew Plaintiff had a hearing impairment when he inventoried Plaintiff's cell, that Defendant knew Plaintiff had hearing aids, or that Defendant was deliberately indifferent to Plaintiff's need for hearing aids. In addition, the record reflects Defendant was not responsible for or involved in the decision to deny Plaintiff's request for hearing aids. The Court, therefore, concludes on this record that no reasonable juror could find Defendant intentionally discriminated against Plaintiff.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's ADA claim.

**III. Plaintiff's Claim for Theft in the First Degree.**

Theft in the First Degree is a crime under Oregon Revised Statute § 164.055. It is a criminal charge, and, therefore, Plaintiff may not bring such a claim in this civil action. To the extent that Plaintiff intended to allege a civil state-law claim for conversion, the Court concludes Plaintiff's claim is barred by the Eleventh Amendment.

Oregon Revised Statute § 30.265(l) provides in pertinent part: "The sole cause of action for any tort of . . . employees . . . of a public body acting within the scope of their

14 - OPINION AND ORDER

employment . . . shall be an action against the public body only." Accordingly, Plaintiff may only bring his state-law claim against Defendant's employer, the State of Oregon. The Court concludes, however, it would be futile to allow Plaintiff to amend his Complaint a second time to assert his state-law claim against the State of Oregon because such a claim is barred under the Eleventh Amendment.

The Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not bar actions against a state by its own citizens on its face, courts have consistently held an unconsenting state is immune from actions brought in federal courts by her own citizens as well as by citizens of another state. *Mayweathers v. Newland* 314 F.3d 1062, 1069 (9th Cir. 2002). *See also Bethel Native Corp. v. Dep't of Interior*, 208 F.3d 1171, 1173 (9th Cir. 2000) (same).

The Court, therefore, concludes Oregon Revised Statute § 30.265(l) prohibits Plaintiff from asserting his state-law claim against Defendant, and the Eleventh Amendment prohibits Plaintiff from asserting his state-law claim against the State of Oregon in this Court.

15 - OPINION AND ORDER

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's state-law claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (#34) and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 20th day of May, 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER